*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

TIMOTHY EDWARD HEADLEY,

        Defendant-Appellee.

UNPUBLISHED
August 11, 2026
9:37 AM

No. 376546
Mackinac Circuit Court
LC No. 23-004337-FC

Before: BOONSTRA, P.J., and YOUNG and KOROBKIN, JJ.

PER CURIAM.

Defendant was convicted of four counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b, and the trial court sentenced him to concurrent terms of 15 to 30 years' imprisonment for each conviction. The trial court later entered a June 30, 2025 order granting defendant a new trial. The prosecution appeals that order by leave granted.[1] We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant was charged with four counts of CSC-I after his stepdaughter, CC, alleged that he had sexually assaulted her multiple times. Defendant's amended felony information indicated that all four charges involved "PENILE/VAGINAL and/or PENILE/ORAL" penetration. During trial, CC testified that defendant had given her increasing amounts of inappropriate attention over time, which eventually led to defendant inserting his penis into her vagina. But the only evidence of penile-oral penetration consisted of CC's testimony that defendant had touched her with his penis "around [her] mouth" many times, and that defendant's penis had touched and "moved" her lips. CC was not asked any questions to clarify how defendant's penis moved her lips or whether it had actually entered her mouth.

---

[1] *People v Headley*, unpublished order of the Court of Appeals, entered November 19, 2025 (Docket No. 376546).

The trial court instructed the jury that all four CSC-I charges required the prosecution to prove, in relevant part, "entry into [CC's] genital opening by Defendant's penis or entry into [CC's] mouth by Defendant's penis" and that "[a]ny entry, no matter how slight, is enough." The trial court also instructed the jury that a "verdict in a criminal case must be unanimous" and that "it is necessary that each of you agree on that verdict." Both parties stipulated that they had no objection to the instructions as given. The jury found defendant guilty on all four CSC-I counts, and the trial court sentenced him as described.

Defendant appealed his conviction and moved in the trial court for a new trial, arguing that (1) there was insufficient evidence to support a CSC-I conviction on the basis of penile-oral penetration, and that he was therefore entitled to a new trial because it was impossible to determine whether the jury relied on penile-vaginal or penile-oral penetration when it convicted him, and (2) defendant was denied the effective assistance of counsel because his defense counsel failed to object to the referenced jury instruction and failed to request a specific-unanimity jury instruction. After a hearing, the trial court agreed with both arguments and issued a written opinion and order granting defendant's motion for a new trial. Defendant then withdrew his appeal.[2] The prosecution now appeals, arguing that the trial court abused its discretion when it granted defendant a new trial.

## II. NEW TRIAL

The prosecution argues that the trial court erred by granting defendant a new trial because (1) it failed to apply the appropriate legal standard when determining sufficiency of the evidence; and (2) the trial court should have recused itself because it was prejudiced against the prosecution.[3]

The crux of the parties' substantive disagreement relates to the evidence of penile-oral penetration. The prosecution contends that CC's testimony that defendant had "moved" her lips with his penis was sufficient to allow the jury to infer that oral penetration had occurred. Defendant, by contrast, contends that evidence of oral penetration was entirely lacking. This issue requires examination of the statutory definition of "sexual penetration" under MCL 750.520a(r)[4] and how our caselaw has interpreted the meaning of "fellatio" as used in that definition.

We need not decide the issues raised by the prosecution, however, because the prosecution does not challenge the trial court's holding that defense counsel was ineffective in failing to request

---

[2] *People v Headley*, unpublished order of the Court of Appeals, entered July 8, 2025 (Docket No. 372661).

[3] We note that the trial judge in question is no longer assigned to this case in any event (although that reassignment is currently on appeal).

[4] MCL 750.520a(r) states:

> "Sexual penetration" means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required.

a specific-unanimity jury instruction. The trial court's opinion made clear that defense counsel's failure to request a specific-unanimity instruction was an independent basis for granting a new trial regardless of whether there was sufficient evidence of penile-oral penetration (although it acknowledged that its holding that there was insufficient evidence made the need for a new trial "even more apparent"). Because the prosecution has failed to challenge the court's holding on the ineffective-assistance issue, we conclude that the trial court did not abuse its discretion by granting defendant's motion for a new trial on that basis, and we decline to address the prosecution's arguments on the other issues raised.[5] See *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012).

Affirmed.

/s/ Mark T. Boonstra
/s/ Adrienne N. Young
/s/ Daniel S. Korobkin

---

[5] We note only that if defendant is retried for CSC-I on a penile-oral penetration theory, then the trial court must apply the definition of "fellatio" as used in Judge Kelly's dissenting opinion in *People v Johnson*, 164 Mich App 634, 646-649; 418 NW2d 117 (1987) (KELLY, J., dissenting) (describing "fellatio" as requiring penetration or intrusion of the penis into the mouth), because that definition became binding law when our Supreme Court entered an order reversing the majority's opinion and adopting the reasoning of the dissenting opinion, *People v Johnson*, 432 Mich 931 (1989) (reversing "for the reasons stated by Judge Kelly in his dissent in the Court of Appeals"). See also *People v Lemons*, 454 Mich 234, 254; 562 NW2d 447 (1997) (explaining that the Court found in its *Johnson* order that "penetration for the purpose of establishing fellatio requires actual penetration rather than mere kissing or contact," but holding that the same penetration requirement does not apply to CSC-I based on cunnilingus); *People v Reid*, 233 Mich App 457, 479-480; 592 NW2d 767 (1999) (acknowledging that Judge Kelly's opinion is binding). In *People v Waclawski*, 286 Mich App 634, 676; 780 NW2d 321 (2009), this Court recognized *Reid* as binding but criticized its interpretation of "fellatio" without considering that *Reid*'s definition effectively came from our Supreme Court. That criticism was merely dicta—the *Waclawski* Court clearly stated that resolving the definition of "fellatio" was "not at all necessary to the holding in this case." *Id*. at 676 n 7. In any event, because our Supreme Court determined the definition in an order that clearly adopted Judge Kelly's definition, we are not in a position to change that precedent. See *People v Phillips*, 227 Mich App 28, 38 n 11; 575 NW2d 784 (1997) ("Supreme Court peremptory orders are binding precedent when they can be understood."); *People v Crall*, 444 Mich 463, 464 n 8; 510 NW2d 182 (1993) (stating that "a final Supreme Court disposition of an application" is binding when "the order contains a concise statement of the applicable facts and the reason for the decision").